UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN F. ELLIS,

  Plaintiff,

  v.

S. CRIVELLO, et al.,

  Defendants.

No. 2:24-cv-0752 DAD SCR P

ORDER

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court grants plaintiff leave to proceed in forma pauperis, finds plaintiff currently states a First Amendment retaliation claim against one defendant, and finds no other claims for relief cognizable under §1983. Plaintiff will be given the option of proceeding on his retaliation claim alone or amending his complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

## SCREENING

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Discussion

### A. Plaintiff's Allegations

Plaintiff is incarcerated at the California Health Care Facility. He complains of conduct that occurred there in 2022. Plaintiff identifies four defendants: (1) Correctional Officer S. Crivello, (2) Chief Deputy Warden J. Schultz, (3) Sergeant R. Ramos, and (4) Sergeant Urrea.

Plaintiff alleges the following. In June 2022, he was attacked by an Americans with Disabilities Act ("ADA") worker, inmate Brown. Plaintiff submitted a complaint about Brown under the ADA. Defendant Crivello submitted a false statement that Brown didn't do anything wrong. Plaintiff appears to allege that Crivello delayed releasing plaintiff for school, ducats, and groups and searched plaintiff's cell multiple times in one week in retaliation for plaintiff's complaint against Brown. (ECF No. 1 at 11, 16.)

Plaintiff's complaint about Brown was sent to defendant Schultz for investigation. Schultz chose to believe Crivello and keep Brown in his job, placing plaintiff in further danger. Plaintiff submitted a staff complaint to the warden about Crivello and asked to be moved to a different building. The warden told plaintiff the complaint would be routed for regular processing. Plaintiff also complained to defendant Ramos about Crivello's acts of retaliation and

asked Ramos to be moved to a different building. Ramos told plaintiff he would be moved but failed to move him. Defendant Urrea also refused to act on plaintiff's requests to be moved. (ECF No. 1 at 12-13.)

Plaintiff then filed a staff misconduct complaint against nonparty officer Segura and defendant Crivello regarding their refusal to comply with Sergeant Taylor's order to change plaintiff's housing. Defendant Schultz processed the complaint only as a request for a housing move, which exposed plaintiff to even more harassment from Crivello. (ECF No. 1 at 13.)

Plaintiff, who is black, complained that Crivello, who is white, was treating him differently than a white inmate because he allowed the white inmate to keep his door open and have visitors while requiring plaintiff to keep his door closed so he could not have visitors. When plaintiff told Crivello he was going to submit a grievance about the discrimination, Crivello wrote him up for a rules violation. (ECF No. 1 at 14-15, 17-18.)

Plaintiff contends defendants Schultz, Ramos, and Urrea failed to train and supervise Crivello. (ECF No. 1 at 17.)

Plaintiff contends that as a result of defendants' actions, he suffers pain, cognitive difficulties, poor mental and emotional health, and distress. (ECF No. 1 at 18.)

**B. Plaintiff States No Claims for Relief under Section 1983?**

**1. Retaliation**

To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Protected activities include filing grievances, Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003), and "pursu[ing] civil rights litigation in the courts," Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995).

Plaintiff alleges Crivello falsified the report regarding the assault by inmate Brown. Plaintiff further alleges that thereafter, Crivello took several adverse actions against him. This

close proximity in time is enough to raise an inference that Plaintiff's protected activity of complaining about Brown caused the retaliatory action.  See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").  Plaintiff thus states a cognizable retaliation claim against Crivello regarding the complaint about inmate Brown.

Plaintiff also contends Crivello retaliated against him for threatening to file a grievance that Crivello was discriminating against him based on his race.  Plaintiff may be able to state a claim on this basis, but his allegations are too brief.  To state a claim, plaintiff needs to show when Crivello wrote him up, why that write up was adverse, and more specifically describe the connection between plaintiff's threat to file a grievance and Crivello's actions.

## 2. Failure to Protect

Plaintiff contends Schultz's failure to conduct any investigation into the assault by inmate Brown, placed plaintiff in "further danger."  Plaintiff appears to contend that Schultz also intentionally exposed plaintiff to Crivello's acts of retaliation.  Similarly, plaintiff contends that by refusing to have him moved, defendants Ramos and Urrea set plaintiff up for further acts of retaliation.

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013).  In a "failure-to-protect" claim under the Eighth Amendment, an inmate must show (1) the defendant's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).  Plaintiff fails to show these defendants were aware that their conduct was causing plaintiff serious harm.  The fact that they may have been aware that plaintiff might be subjected to more harassment by Crivello is not sufficient to show that these defendants' actions placed plaintiff at risk of the sort of serious harm the Eighth Amendment is designed to address.

////

////

**3. Intentional Infliction of Emotional Distress**

"In order to establish a claim for intentional infliction of emotional distress under California law, [plaintiff must] show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct." Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (internal citation omitted). A defendant's conduct is considered to be outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes v. Pair, 46 Cal. 4th 1035, 1050-51(1993) (internal quotation marks and citations omitted). Liability for intentional infliction of emotional distress does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. at 1051 (internal quotations marks and citations omitted). While showing "malicious or evil purpose is not essential to liability" for intentional infliction of emotional distress, Crouch v. Trinity Christian Ctr. of Santa Ana, Inc., 39 Cal. App. 5th 995, 1007 (2019) (internal quotation marks and citations omitted), a plaintiff must plead facts that demonstrate the defendant intended to cause, or was recklessly indifferent to causing, plaintiff "'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it,'" The Kind & Compassionate v. City of Long Beach, 2 Cal. App. 5th 116, 130 (2016) (quoting Hughes, 46 Cal. 4th at 1051; some internal quotation marks omitted).

Plaintiff identifies this potential violation of state law without any explanation. (See ECF No. 1 at 19.) Plaintiff fails to show that Crivello, or any of the other defendants, were aware that their actions were causing plaintiff severe emotional distress. Nor does plaintiff show any of the defendants' conduct was outrageous. Delaying plaintiff's ability to get to programs, searching plaintiff's cell, and failing to transfer plaintiff to a new building, while upsetting to plaintiff, are not the sort of extreme conduct necessary to form the basis for a claim of intentional infliction of emotional distress.

////

////

**4. Failure to Train and Supervise**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To state a claim for failure to train, plaintiff must allege facts showing: (1) that the defendant was responsible for that training, (2) just what the defendant did or did not do, (3) that the defendant knew his actions could cause plaintiff harm, and (4) that the actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers."). Plaintiff's brief and conclusory allegations that defendants Schultz, Ramos, and Urrea failed to train and/or supervise defendant Crivello are insufficient to state a claim.

**CONCLUSION**

As explained above, plaintiff has stated a claim for retaliation against defendant Crivello but states no other claims for relief cognizable under §1983. Plaintiff will be given the choice of proceeding immediately on his claim found potentially cognizable or filing a first amended complaint. If plaintiff chooses to proceed immediately on the claim found potentially cognizable, he will dismiss all other claims and defendants.

If plaintiff chooses to file a first amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his legal rights. The court is not required to review exhibits to determine what plaintiff's allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The allegations must be set forth in the amended complaint so defendants have fair

notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Starr, 652 F.3d at 1207-08 (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570).  A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose

sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his legal rights.  The court is not required to review exhibits to determine what plaintiff's allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr, 652 F.3d at 1207-08 (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on

its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570).  A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated a potentially cognizable claim against defendant Crivello for retaliation.
4. Plaintiff's other claims are dismissed with leave to amend.
5. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to file a first amended complaint.  If plaintiff chooses to proceed on his cognizable claim in the initial complaint, he shall voluntarily dismiss all other claims and defendants.
6. Within fourteen days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////

////

////

10

7. Plaintiff is warned that his failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: December 11, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. CRIVELLO, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-752 DAD SCR P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____   Plaintiff wants to proceed immediately on his First Amendment retaliation claim against defendant Crivello.  Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims and defendants.

_____   Plaintiff wants to file an amended complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Benjamin F. Ellis, Plaintiff

1