UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>S. CRIVELLO, et al.,<br><br>Defendants. | No. 2:24-cv-00752 DAD SCR P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Defendant Crivello has filed a motion to dismiss plaintiff's official capacity retaliation claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. For the reasons described below, the undersigned recommends that defendant's motion be granted, and that the case proceed solely on plaintiff's retaliation claim against Crivello in his individual capacity.

**PROCEDURAL BACKGROUND**

Plaintiff is incarcerated at the California Health Care Facility and proceeding on his complaint filed March 11, 2024. ECF No. 1. Plaintiff identified four correctional officers as defendants, including defendant Crivello, and sued them in their individual and official capacities.

1

*Id.* Plaintiff alleges that in June 2022, he was attacked by another incarcerated person named Brown. Plaintiff submitted a complaint about Brown and faced retaliation as a result. Plaintiff alleges defendant Crivello delayed releasing plaintiff for school, ducats, and groups, and searched plaintiff's cell multiple times in one week in retaliation for plaintiff's complaint against Brown. *Id.* at 11, 16. Plaintiff, who is black, also complained that Crivello, who is white, was treating him differently than white inmates. When plaintiff told Crivello he was going to submit a grievance about the discrimination, Crivello wrote a rules violation report. *Id.* at 14-15. 17-18.

On December 11, 2024, the undersigned issued a screening order determining that plaintiff's complaint stated a potentially cognizable First Amendment retaliation claim against defendant Crivello but no other cognizable claims. ECF No. 7. at 10. The order, however, did not specify the capacity of plaintiff's cognizable claim. Plaintiff was given the choice to proceed on his cognizable claim or file an amended complaint curing those deficiencies. *Id.* Plaintiff opted to proceed on his cognizable claim and voluntarily dismissed all other claims and defendants in his notice filed on December 23, 2024. ECF No. 10. The undersigned then issued an order directing service on defendant Crivello. ECF No. 11.

On March 27, 2025, the Court stayed the action to allow the parties to investigate plaintiff's claims, meet and confer, and participate in a settlement conference. ECF No. 17. A settlement conference was held on June 17, 2025, before Magistrate Judge Cota but the case did not settle. ECF No. 20. On July 11, 2025, the Court lifted the stay of the action and ordered defendant to file a responsive pleading within 30 days. ECF No. 21.

## DEFENDANT'S MOTION TO DISMISS

On August 11, 2025, defendant Crivello moved to dismiss plaintiff's official capacity retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 22. Defendant contends that to the extent plaintiff sues the defendant in his official capacity, the suit is barred by the Eleventh Amendment. *Id.* Plaintiff did not timely oppose the motion.

////

////

---

[1] Defendant Crivello answered plaintiff's individual capacity claim. ECF No. 23.

**LEGAL STANDARD**

I.   **Federal Rule of Procedure 12(b)(6)**

A defendant may move to dismiss a claim under Rule 12(b)(6) if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and to "draw all reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)) (internal quotation marks omitted). Stating a claim "requires more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) motion, the court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617-18 (9th Cir. 2022). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Boquist*, 32 F.4th at 773–74 (internal citation and quotation marks omitted) (cleaned up).

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *In re Doe*, 58 F.3d 494, 497 (9th Cir. 1995)). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

3

**DISCUSSION**

Defendant Crivello moves to dismiss plaintiff's First Amendment retaliation claim to the extent it seeks damages against him in his official capacity. As mentioned above, the screening order did not specify the capacity of plaintiff's cognizable retaliation claim. The undersigned now clarifies that plaintiff's official capacity retaliation claim should be dismissed without leave to amend for failure to state a claim.

The Eleventh Amendment bars an action for damages against state officials sued in their official capacity. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (per curiam) (citing *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992)). Because defendant is a state official sued in his official capacity for damages, he is immune from suit under § 1983. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("[P]laintiffs may seek damages against a state official in his personal capacity.").

Plaintiff also cannot sue defendant in his official capacity because defendant, while acting in such a capacity, is not a "person" under § 1983. As the Supreme Court explained in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989), a "State is not a 'person' within the meaning of § 1983." Because "a suit against a state official in his or her official capacity is" essentially "a suit against the State itself[,] . . . officials acting in their official capacities are [not] 'persons' under § 1983" and thus cannot be sued for damages even if sovereign immunity did not otherwise bar such a suit. *Id.* at 71. For these reasons, plaintiff's First Amendment retaliation claim against defendant in his official capacity is not cognizable under § 1983 and should be dismissed.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that defendant Crivello's motion to dismiss plaintiff's official capacity retaliation claim (ECF No. 22) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

4

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE